**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID YOUNG,

    Defendant - Appellant.

No. 20-1443
(D.C. No. 1:19-CR-00496-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, **MATHESON**, and **MORITZ**, Circuit Judges.

_____

David Young pled guilty to possession of a firearm and ammunition by a

previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). He was sentenced

to 30 months in prison, which was below the advisory sentencing guidelines range of

46 to 57 months. After Mr. Young filed this appeal, the government moved to

enforce the appellate waiver in his plea agreement. His response "acknowledges that

his appeal waiver is enforceable on the current record under the standard set out in

_United States v. Hahn_, 359 F.3d 1315 (10th Cir. 2004) (en banc) . . . ." Resp. at 1.[1]

---

    [*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] This response was filed by Mr. Young's counsel, who represented to us that
Mr. Young disagreed with counsel's assessment of the waiver's enforceability and

Accordingly, we grant the government's motion to enforce the appeal waiver

and dismiss this appeal.

Entered for the Court
Per Curiam

---

requested an opportunity to personally respond.  In our discretion, in the interest of fairness and in an abundance of caution, we solicited a response from Mr. Young.  The deadline for his response has expired, and we have not received a response from Mr. Young.